```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


PATRICIA A. MURPHY and          )
KEVIN F. MURPHY,                )
Guardians of                    )
Kathleen M. Murphy,             )
        Plaintiffs,             )
                                )
                v.              )   C.A. No. 13-cv-12839-MAP
                                )
MASSACHUSETTS DEPARTMENT        )
OF DEVELOPMENTAL SERVICES,      )
ET AL.,                         )
        Defendants.             )
```

**MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTIONS TO DISMISS**
(Dkt. Nos. 48, 50, 62 & 73)

April 8, 2015

PONSOR, U.S.D.J.

Plaintiffs, guardians of a disabled woman, Kathleen M. Murphy, have brought this action against the Massachusetts Department of Developmental Services ("DDS") and four of its employees, as well as against Ms. Murphy's private service provider, ServiceNet, Inc., and seven of its employees. The original complaint was filed on November 8, 2013, and included a motion for a preliminary injunction. The undersigned heard argument on this motion on November 21, 2013, and denied it without prejudice at that time.

Thereafter, Defendants filed motions to dismiss (Dkt. Nos. 32 & 36), which were pending at the time Plaintiffs

amended their complaint.[1]  (Dkt. No. 42.)  In response to the amended complaint, Defendants renewed their motions to dismiss (Dkt. Nos. 48 & 50).  A supplemental motion to dismiss (Dkt. No. 62) was filed when Ms. Murphy was transferred from a ServiceNet facility to a state-operated home.

The court referred these motions to dismiss to Magistrate Judge David H. Hennessy for a report and recommendation, and on December 4, 2014, Judge Hennessy issued his recommendation, to the effect that the motions to dismiss should be allowed, with only a portion of Count IV, a portion of Count VIII, Count IX, and Count X to proceed against DDS employee Harmatz.  Judge Hennessy also recommended that the motions be denied as to Count X against the private service provider, ServiceNet, Inc.

All parties objected to the Report and Recommendation.  The Commonwealth, on behalf of Defendant Harmatz, now contends that the complaint should also be dismissed as against her.  ServiceNet objects to its continued presence in the lawsuit as a Defendant in Count X.  Plaintiffs' counsel objects to the dismissal of the bulk of the lawsuit, as recommended by Judge Hennessy.

---

[1] These motions were denied as moot electronically on September 26, 2014.  (Dkt. No. 72.)

Having had an opportunity to weigh the substance of the Report and Recommendation de novo and consider the objections, the court will adopt the Report and Recommendation, with one exception.

It is unnecessary to recapitulate the scrupulously detailed summary provided in the Report and Recommendation of the underlying allegations and basic arguments. Plaintiffs' broadest claim is that DDS operated a "two-tier" system of care for persons like Kathleen Murphy who were intellectually disabled: a stable, cost-effective system operated competently by the Commonwealth directly, and a mismanaged system of care operated by private corporations where individuals like Ms. Murphy would, Plaintiffs say, inevitably be mistreated. Judge Hennessy's careful assessment of the adequacy of the allegations to support this very broad allegation illuminates why the complaint must be dismissed in large part.

The focus of the complaint, as the Recommendation points out, is on a small corner of the system under attack, specifically the facilities that rendered care to Ms. Murphy. Nothing approaching a sufficiency may be located within the complaint supporting an across-the-board allegation of any discriminatory "two-tier" system. Judge Hennessy's recommendation that all of the claims that are

3

anchored on this unsupported theory be dismissed is manifestly correct.

The other elements of Judge Hennessy's analysis also emerge as proof against Plaintiffs' objections. First, the prayers for injunctive relief regarding Ms. Murphy's transfer are clearly moot, since she has been transferred as requested and will not be re-transferred to a private facility without substantial notice and opportunity to object. Second, the DDS Defendants are immune from suit in their official capacities. Third, to the extent that Count I asserts a violation of the Americans with Disabilities Act, it lacks any adequate basis, since it relies upon the unsupported claim of the existence of a "two-tier" system.

As the Report and Recommendation points out, the only claims that survive preliminary analysis and merit more probing inquiry are those against state Defendants Lunden and Harmatz for money damages in their individual capacities and the money damages claims against the ServiceNet Defendants.

With regard to Defendant Harmatz, as the Report and Recommendation demonstrates, the complaint offers specific allegations against her that, if proved, would support the claim as set forth in Count IV for violation of the Fourteenth Amendment. These allegations do <u>not</u> rely upon

4

the existence of a "two-tier" system. Moreover, the allegations of the complaint are adequate, to the same limited degree, with regard to Count VIII for violation of the Massachusetts Civil Rights Act, and Count IX for intentional infliction of emotional distress.

The recommendation that the motion to dismiss as to Count X for negligent infliction of emotional distress against Harmatz be denied was incorrect and will not be adopted. Public employees may not be sued for negligent conduct either in their official or individual capacities where the conduct occurs in the scope of their employment. Harmatz's alleged misconduct indisputably occurred within this ambit, and Plaintiffs' only remedy must be against the Commonwealth itself pursuant to the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258. Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003); Wilmont v. Tracey, 938 F. Supp. 2d 116, 144 (D. Mass. 2013).

Further analysis is also fatal to the claims against Defendant Lunden. As the Recommendation points out, they rely upon a theory of supervisory liability improperly predicated on the doctrine of respondeat superior.

The claim against Defendant ServiceNet for negligent infliction of emotional distress is supported by an adequate offering of specific allegations. Plaintiffs are entitled

to conduct discovery with regard to this claim, which may be revisited on a motion for summary judgment.  The claims against the ServiceNet employees, however, lack adequate foundation for the reasons set forth in the Recommendation.

Based upon the foregoing, and upon de novo review, the court hereby ADOPTS Judge Hennessy's Report and Recommendation (Dkt. No. 73) with the one exception noted.  The Motions to Dismiss (Dkt. Nos. 48, 50, & 62) are hereby ALLOWED, except as follows: Count IV, ¶ 276(a) against Harmatz in her individual capacity; Count VIII, ¶ 322(a) against Harmatz in her individual capacity; Count IX against Harmatz in her individual capacity; and Count X against ServiceNet.

The case will be referred to Magistrate Judge Katherine A. Robertson for a pretrial scheduling conference.

It is So Ordered.

     /s/ Michael A. Ponsor
    MICHAEL A. PONSOR
    U. S. District Judge